UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

TO: Counsel of Record

FROM: Judge Peter J. Messitte

RE: Tittle v. Nelson, No. 22-cv-2480-PJM

DATE: May 30, 2023

\* \* \*

The Court has received Plaintiff Robert Tittle's Motion Pursuant to Fed. R. Civ. P. 12(d) and 56(d) for Court to Deny or Defer Ruling on Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Permit the Parties to Engage in Discovery (ECF No. 25) and Defendant's opposition thereto (ECF No. 27). In his Motion, Tittle avers that he cannot fully oppose the factual assertions in Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 23) until the parties engage in discovery.

To survive a Motion to Dismiss, a plaintiff need only show that his or her Complaint plausibly establishes jurisdiction and pleads the essential elements of his or her claim. *Ballard v. Bank of Am., N.A.*, 734 F.3d 308, 310 (4th Cir. 2013). Such a showing typically does not require discovery, and the Court does not see why Tittle would need discovery to oppose dismissal in this case.

To the extent Tittle requests discovery because Defendant has moved in the alternative for summary judgment (ECF No. 23), the Court does not believe discovery is necessary for fulsome briefing and resolution at this juncture. Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir.2014). Moreover, on summary judgment the allegations are viewed in light of the non-moving party who, in this case, is Tittle. *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). In any event, courts rarely award summary judgment prior to discovery taking place. *See Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) ("[S]ummary judgment is generally denied when the nonmoving party has not had the opportunity to discover information that is essential to his opposition.") (quotations omitted). But whether summary judgment is appropriate will depend on whether Tittle can survive the Motion to Dismiss. For that, discovery is neither necessary nor appropriate.

Accordingly, Plaintiff's Motion, Pursuant to Fed. R. Civ. P. 12(d) and 56(d), for Court to Deny or Defer Ruling on Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Permit the Parties to Engage in Discovery (ECF No. 25) is **DENIED WITHOUT PREJUDICE**.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/ Peter J. Messitte
United States District Judge

CC: Court file
Counsel of Record